**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ramon Francisco ROMERO,**
**Defendant—Appellant.**

No. 02–50230.
D.C. No. CR–00–00376–IEG.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 25, 2002.[*]

Decided Dec. 19, 2002.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before GOODWIN, WALLACE, and THOMAS, Circuit Judges.

### MEMORANDUM**

On December 13, 2001, we remanded this case to the district court for resentencing in light of the fact that the defendant had intentionally used a minor child as a decoy in his transportation of contraband from Mexico into the United States. He now appeals from the corrected sentence. We affirm.

At his resentencing hearing, Romero did not seriously contest his eligibility for a two-level enhancement, an issue which had been precluded by our remand. Instead he attempted to obtain a downward departure by asserting numerous grounds such as family hardship. On appeal, he asserts that the district judge denied a downward departure in the mistaken belief that the court had no power to grant such a departure and that the court violated Rule 32(c)(1) by failing to list the reasons for denying two of his departure grounds. The record does not support his assertion.

The transcript of the hearing shows that the court denied most of the departure grounds because Romero presented insufficient facts to show that his employment, family hardship, and other sympathy claims were distinguishable from those of others convicted for drug smuggling in similar circumstances. His case was firmly in the heartland of the guideline sentence that he received.

Finally, with respect to Rule 32, the transcript of the sentencing hearing demonstrates that there was no violation of the Rule. At several points in the sentencing

colloquy the court actually addressed each of the appellant's suggested grounds for departure and announced that none would be used in sentencing.

AFFIRMED

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

